IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VERONICA M. WOPSOCK,<br><br>Plaintiff,<br><br>v.<br><br>DEREK DALTON, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STRIKE (ECF No. 69) AND DENYING MOTION TO DETERMINE SUFFICIENCY (ECF No. 74)**<br><br>Case No. 2:12-cv-570-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

Defendants Derek Dalton, Travis Mitchell, and Duchesne County (collectively, the "County Defendants") filed a Notice of Deemed Admissions on July 15, 2013. (ECF No. 65.) The Notice of Deemed Admissions relates to Requests for Admission directed at Third-Party Defendants Ute Indian Tribe of the Uintah and Ouray Reservation, the Business Committee for the Ute Indian Tribe of the Uintah and Ouray Reservation, Irene Cuch, and Ronald Wopsock (collectively, the "Tribal Parties"). On July 25, 2013, the Tribal Parties filed a Motion to Strike the Notice. (ECF No. 69.) The Court has carefully considered the Motion and Memoranda submitted for and against the Motion and GRANTS the Motion.[1]

## DISCUSSION

On March 10, 2013, the County Defendants served fourteen Requests for Admission on the Tribal Parties by mail and e-mail. The County Defendants served Ms. Wopsock with a different set of six Requests for Admission on March 9, 2013, also by mail and e-mail. The

---

[1] The Court determined it could decide the Motion based on the briefing and does not need oral argument. *See* DUCivR 7-1(f).

-1-

Tribal Parties and Ms. Wopsock both mailed their responses on April 10, 2013. Three months later, on July 15, 2013, the County Defendants filed a Notice of Deemed Admissions (the "Notice") stating the Tribal Parties failed to respond to the County Defendants' Requests for Admission. The Tribal Parties then filed this Motion to Strike.

**Motion to Strike ([ECF No. 69](ECF No. 69))**

The Tribal Parties seek to strike the Notice of Deemed Admissions because they contend they responded to the Requests for Admission in a timely manner. The County Defendants argue the Tribal Parties' responses do not belong to the Tribal Parties but instead belong to Ms. Wopsock. They base this argument on one line in the Tribal Parties' responses that states: "COMES NOW Plaintiff Veronica M. Wopsock by and through her attorneys of record and answers Defendants Derek Dalton Request for Admissions as follows." (Mem. Opp'n 4, [ECF No. 72](ECF No. 72).) This argument lacks merit.

First, the caption clearly identifies the Tribal Parties as the responding party—not Ms. Wopsock. The caption states: "ANSWERS TO DEFENDANT, DEREK DALTON OF THE UTE INDIAN TRIBE OF THE OURAY RESERVATION, BUSINESS COMMITTEE, RONALD J. WOPSOCK, AND IRENE C. CUCH MARCH 10, 2013 REQUEST FOR ADMISSION." ([ECF No. 72-7 at 1](ECF No. 72-7 at 1).) Second, the responses list and respond to the fourteen requests for admission served on the Tribal Parties, not the six requests for admission directed at Ms. Wospsock. Finally, Ms. Wopsock served her responses to the County Defendants' Requests for Admission the same day the Tribal Defendants served their responses, and Ms. Wopsock clearly identifies her responses as her own. (ECF No. 78-1.) The Tribal Parties clearly made a mistake in identifying Ms. Wopsock at the beginning of their response. The responses belong to the Tribal Parties.

The County Defendants next argue the Tribal Parties' Motion to Strike is "futile because the failure to timely respond to requests for admissions results in . . . automatic admission." (Mem. Opp'n 6, ECF No. 72.) Instead, the County Defendants argue the Tribal Parties should have moved this Court to withdraw the admissions. (*Id.*) This argument also lacks merit. Federal Rule of Civil Procedure 36 states that "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Because the Tribal Parties' timely responded to the County Defendants' Requests for Admission they do not need to withdraw any admissions.

The County Defendants alternatively argue the Court should deem the matters admitted as to Ms. Wopsock because she did not serve any responses. (Mem. Opp'n 8, ECF No. 72.) Ms. Wopsock, however, timely responded to the six requests for admission directed at her, (*see* ECF No. 78-1), and has no obligation to respond to discovery requests not directed at her.

**Motion to Determine Sufficiency (ECF No. 74)**

The County Defendants also filed a motion to determine the sufficiency of the responses at issue. According to the County Defendants, the responses—whether they belong to the Tribal Parties or Ms. Wopsock—are insufficient. As noted above, Ms. Wopsock has no obligation to respond to discovery not directed at her. And, in any event, the Court has already found the responses belong to the Tribal Parties. This Court has already dismissed the Tribal Parties from this case. (*See* ECF Nos. 82, 85, 94.) The Motion to Determine Sufficiency is therefore moot.

**Sanctions**

Because the Court finds the County Defendants' positions with respect to these Motions lack merit, the Court grants the Tribal Parties' requests for sanctions. Accordingly, the Court

awards the Tribal Parties' their expenses incurred in bringing the Motion to Strike and opposing the Motion to Determine Sufficiency.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the Tribal Parties' Motion to Strike ([ECF No. 69](#)) and DENIES the County Defendants' Motion to Determine Sufficiency ([ECF No. 74](#)).

The Court further GRANTS the Tribal Parties' request for sanctions and awards the Tribal Parties their expenses incurred in bringing and opposing the Motions. The Tribal Parties should submit documentation of their expenses to the Court.

Dated this 14th day of February, 2014.

                                BY THE COURT:

                                _____
                                Evelyn J. Furse
                                United States Magistrate Judge