IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VERONICA M. WOPSOCK,<br><br><br>Plaintiff,<br><br>v.<br><br>DEREK DALTON, et al.,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:12-cv-570<br><br>Judge Robert J. Shelby |

## BACKGROUND

Plaintiff Veronica Wopsock alleges that Duchesne County Deputy Sherriff Derek Dalton sexually assaulted her during a traffic stop on September 4, 2011.  Ms. Wopsock sued Deputy Dalton, Duchesne County, and Duchesne County Sherriff Travis Mitchell.  The Complaint contains four causes of action: violation of the Fourteenth Amendment of the United States Constitution, battery, negligence, and intentional infliction of emotional distress.  Before the court are a Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction and a Rule 12(c) Motion for Judgment on the Pleadings.  For the reasons stated below, the court grants both motions.

## DISCUSSION

### I.  State-Law Claims

Defendants contend that the court lacks subject-matter jurisdiction over the state-law claims because Ms. Wopsock did not submit a notice of claim before filing this lawsuit as

required by the Utah Governmental Immunity Act.  Defendants further contend that the state-law claims are barred by the doctrine of sovereign immunity.  Because Defendants' motion bears on subject-matter jurisdiction, the court construes it as a Rule 12(b)(1) motion.  When considering a Rule 12(b)(1) motion, a movant "may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[1]  The plaintiff carries the burden of establishing subject-matter jurisdiction.[2]

The Utah Governmental Immunity Act provides a limited waiver of the State of Utah's sovereign immunity for certain claims, including those alleging "any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment."[3] The statute has a jurisdictional prerequisite that a plaintiff file a notice with the State before filing a lawsuit.[4]  That notice must be filed "within one year after the claim arises."[5]  If a plaintiff fails to comply with the notice-of-claim requirement, the court lacks subject-matter jurisdiction to hear the claim.[6]  Because the requirement implicates the court's jurisdiction, it is a nonwaiveable defense that the court or the State may raise at any time.[7]

Defendants assert that Ms. Wopsock failed to file a notice of claim with the State and that the time to do so has far passed.  Ms. Wopsock does not dispute Defendants' assertion or offer any proof that she filed the required notice of claim.  She has therefore failed to carry her burden of invoking the court's subject-matter jurisdiction.  Accordingly, her state-law claims are

---

[1] *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).

[2] *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

[3] Utah Code § 63G-7-301(2)(i).  Immunity is not waived "for any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment, if the injury arises out of or in connection with, or results from . . . assault, battery, [or] infliction of mental anguish." *Id.* at § 63G-7-201(4)(b).

[4] *Id.* at §63G-7-401(2).

[5] *Id.* at § 63G-7-402.

[6] *See, e.g.*, *Nielson v. Gurley*, 888 P.2d 130, 134 (Utah Ct. App. 1994); *Lamarr v. Utah State Dep't of Transp.*, 828 P.2d 535, 542 (Utah Ct. App. 1992); *Bradford v. Erlacher*, No. 2:07-CV-00108-TC, 2007 WL 1052470, at *1 (D. Utah Apr. 4, 2007).

[7] *Nielson*, 888 P.2d at 134.

dismissed for failure to comply with the statutory notice-of-claim requirement.  The court lacks subject-matter jurisdiction and therefore declines to reach Defendants' additional arguments related to the state-law claims.

## II.  Claims Against Deputy Dalton in His Official Capacity

In a separate motion, Deputy Dalton urges the court to dismiss Ms. Wopsock's claims against him in his official capacity.  The court construes the motion as a Rule 12(c) motion for judgment on the pleadings.  An official-capacity suit is another way of "pleading an action against an entity of which an officer is an agent."[8]  Ms. Wopsock has also sued Duchesne County, which is the governmental entity that employed Deputy Dalton at the time of the alleged incident.  Accordingly, pursuing claims against both Deputy Dalton in his official capacity and Duchesne County is redundant.  The court dismisses the remaining federal claim against Deputy Dalton in his official capacity.

### CONCLUSION

The court GRANTS Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 97) and Rule 12(c) Motion for Judgment on the Pleadings (Dkt. 100). The state-law claims are DISMISSED, along with the federal claim against Deputy Dalton in his official capacity.

The court orders the parties to submit a proposed Amended Scheduling Order within fourteen days.  If the parties cannot reach a stipulation, they may file separate scheduling orders for the court to consider.

---

[8] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation and internal quotation marks omitted); *see also Johnson v. Bd. of Cnty. Comm'rs*, 85 F.3d 489, 493–94 (10th Cir. 1996).

SO ORDERED this 26th day of October, 2015.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge