# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VERONICA M. WOPSOCK,<br><br>　　　　Plaintiff,<br>　v.<br><br>DEREK DALTON, in his individual and official capacity; TRAVIS MITCHELL, in his individual capacity and as the Duchesne County Sheriff, and DUCHESNE COUNTY, UTAH,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER (ECF NO. 130)**<br><br>Civil No. 2:12-cv-0570-RJS-EJF |
| DEREK DALTON,<br><br>　　　　Counterclaim and Third-<br>　　　　Party Plaintiff,<br><br>v.<br><br>VERONICA M. WOPSOCK,<br><br>　　　　Counterclaim Defendant. | District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

　　　　This matter is before the Court on the Ute Indian Tribe (the "Tribe"), Ron Wopsock, Stuart Pike, Irene Cuch, and Veronica Wopsock's (herein after the " Wopsock parties") Motion to Quash the deposition subpoenas issued to the Tribe, Ms. Wopsock's uncle, Ron Wopsock, Ms. Wopsock's aunt, Irene Cuch,[1] and Stuart Pike.  (ECF No.

---

[1] This Order also applies to the deposition subpoena served on Ms. Cuch.  The undersigned notes that the Wopsock parties have not included the deposition notice issued to Ms. Irene Cuch as an exhibit, but the Defendants have stated that they served a deposition subpoena upon Ms. Cuch.  (See ECF No. 137 at 3.)

1

130.) Having considered the parties' written memoranda,[2] along with all relevant legal authorities, the Court DENIES IN PART and GRANTS IN PART the Wopsock parties' Motion.[3]

**DISCUSSION**

On April 19, 2017, the Wopsock parties filed their Motion to Quash the deposition subpoenas the Duchesne Defendants served on the Wopsock parties. (Mot., ECF No. 130.) The subpoenas request testimony from Ms. Wopsock's uncle Ronald Wopsock, and Ms. Wopsock's aunt Irene Cuch, because the Duchesne Defendants want to know if Ms. Wopsock discussed her alleged sexual assault with either of them. (Defs.' Mem. in Opp'n to Wopsock parties' Mot. to Quash Depo. Notices and Subpoenas ("Opp'n") 3–4, ECF No. 137.) The Duchesne Defendants also served a subpoena on the Tribe "requiring the Tribe to designate and produce witnesses to testify on subjects related to its funding of this . . . lawsuit." (Id. at 4.) The Duchesne Defendants contend they served deposition subpoenas on Mr. Wopsock, Ms. Cuch, and Mr. Pike "in order to defend against Ms. Wopsock's claims and to prosecute Dalton's counterclaims." (Id. at 3.) Moreover, the Duchesne Defendants assert that they "subpoenaed these witnesses for their depositions because [Ms.] Wopsock had refused to respond to any written discovery concerning her discussions of this alleged assault with anyone." (Id. at 3–4; Ex. 2, Wopsock Disc. Responses, ECF No. 137-2.) They also point out that Ms.

---

[2] Pursuant to Local Rule D.U. Civ. R. 7-1(f), the undersigned finds oral argument unnecessary and will make its ruling based on the briefing.

[3] The Wopsock parties style their Motion as a Motion to Quash, though also state in the body of the Motion that they seek a protective order. (Mot. to Quash Dep. Notices & Subpoenas ("Mot."), ECF No. 130.) The Court will refer to the Motion as a Motion to Quash throughout its Order. The result remains the same whether the Wopsock parties seek to quash the depositions or move for a protective order.

Wopsock admitted during her deposition that she did not know who was paying for her legal fees. (Opp'n 7, ECF No. 137; Ex. 1, Wopsock Dep. at 36–39, ECF No. 137-1 at 10).

In June 2012, Ms. Wopsock filed this lawsuit against former Duchesne County Deputy Sheriff Derek Dalton, Duchesne County Sheriff Travis Mitchell, and Duchesne County, Utah for Mr. Dalton's alleged sexual assault of Ms. Wopsock during a traffic stop on September 4, 2011. (Compl., ECF No. 2.) Mr. Dalton counterclaimed against Ms. Wopsock "for civil rights violations and conspiracy to violate civil rights pursuant to 42 U.S.C. §§ 1985 and 1986, for defamation and for intentional infliction of emotional distress." (Opp'n 3, ECF No. 137.) The Tribe, Mr. Wopsock, Ms. Cuch, and Mr. Pike are not parties to the lawsuit.

Through its Motion, the Wopsock parties seek to quash the Duchesne Defendants' deposition subpoenas by asserting the Tribe's sovereign immunity. (Pl.'s & Subpoenaed Deponents' Mem. in Supp. of Mot. to Quash Dep. Notices & Subpoenas ("Pl.'s Mem. in Supp."), 2–5, ECF No. 136.) In the alternative, the Wopsock parties argue that the Court should quash the subpoenas pursuant to Rule 45(c) of the Federal Rules of Civil Procedure because of (1) improper service, (2) undue burden, and (3) privilege. (Mot. 2–3, ECF No. 130.) The Wopsock parties also argue that the Court should quash the subpoenas because "neither the deposition subpoenas nor the deposition notices are in proper form." (Id. at 3.)

The Duchesne Defendants oppose any attempt to quash the subpoenas, arguing that the Tribe's sovereign immunity does not extend to members of the Business Committee (either current or former) nor the Tribe because prior case law has only

3

addressed tribal sovereign immunity when a party issued a subpoena duces tecum. (Opp'n 9, ECF No. 137.) The Duchesne Defendants further argue that they properly served the Wopsock parties with process and their deposition notices and subpoenas complied with the Federal Rules of Civil Procedure. (Id. at 10-11.) Lastly, the Duchesne Defendants argue that the deponent's potential testimony is not privileged, and the answers the Duchesne Defendants seek are highly relevant to their claims and defenses. (Id. at 12-14.)

## I. Sovereign Immunity

The Wopsock parties ask this Court to quash the deposition subpoenas issued to the Tribe, Mr. Wopsock, Ms. Cuch, and Mr. Pike because "the Tribe is not a party, [and] the Tribe and its officers have sovereign immunity from a subpoena." (Pl.'s Mem. in Supp. 2, ECF No. 136.) According to the Duchesne Defendants, when Ms. Wopsock filed her lawsuit and the Duchesne Defendants served their deposition subpoenas, Mr. Wopsock and Ms. Cuch served as members of the Ute Tribal Business Committee. (Opp'n 3, ECF No. 137.) Mr. Pike, however, was a former Business Committee Member when the Duchesne Defendants served him with a deposition subpoena. (Id.) The Duchesne Defendants contend that the Supreme Court's decision in Ex Parte Young, 209 U.S. 123 (1908), compels this Court to find that tribal immunity does not shield a tribal officer from a discovery demand if served on the appropriate official, rather on the tribe itself. (Opp'n 8, ECF No. 137.)

The Ute Indian Tribe is a federally recognized sovereign Indian Tribe. Under long-standing law, "Indian tribes are 'domestic dependent nations' that exercise 'inherent sovereign authority.'" Michigan v. Bay Mills Indian Cmty., 572 U.S._, 134 S.

Ct. 2024, 2030 (2014) (quoting Okla. Tax Comm'n v. Citizen Band Potawatomi Tribe, 498 U.S. 505, 509 (1991)). "As dependents, the tribes are subject to plenary control by Congress." Michigan, 572 U.S._, 134 S. Ct. at 2030. "Thus, unless and 'until Congress acts, the tribes retain' their historic sovereign authority." Id. (quoting United States v. Wheeler, 435 U.S. 313, 323 (1978)). Common-law immunity from suit is one of the core aspects of sovereignty. Id. "That immunity… is 'a necessary corollary to Indian sovereignty and self-governance.'" Id. (quoting Three Affiliated Tribes v. World Eng'g, P.C., 476 U.S. 877, 890 (1986)). "Because Indian tribes are sovereign powers, they possess immunity from suit to the extent that Congress has not abrogated that immunity and the tribe has not clearly waived its immunity." Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort, 629 F.3d 1173, 1182 (10th Cir. 2010). A suit for the purposes of tribal immunity includes third party subpoenas served on the tribe. See Bonnet v. Harvest (U.S.) Holdings, Inc., 741 F.3d 1155, 1159-60 (10th Cir. 2014). Therefore, unless Congress has acted or a tribe has unequivocally waived its immunity, courts must dismiss any suit against a tribe. See generally Kiowa Tribe v. Mfg. Techs., Inc., 523 U.S. 751, 760 (1998). "[A] waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978) (quoting United States v. Testan, 424 U.S. 392, 399 (1976)). Tribal immunity also extends to tribal officers acting within the scope of their official capacities. Lewis v. Clarke, _U.S._, 137 S. Ct. 1285, 1291-92 (2017). A tribal officer does not enjoy tribal immunity for his individual actions, even if taken under color of law. Id. at 1292.

The Wopsock parties argue that Supreme Court and Tenth Circuit precedent recognize that the "general rules of sovereign immunity" require this Court to quash the

5

subpoenas.  (Pl. Mem. in Supp. 4, ECF No. 136.)  The Tribe specifically cites to Puyallup Tribe, Inc. v. Dep't of Game., 433 U.S. 165 (1977).  (Id. at 2.)

In further support of its position, the Tribe cities to Bonnet and Alltel Commc'ns, LLC v. DeJordy, 675 F.3d 1100 (8th Cir. 2012).  (See Pl. Mem. in Supp. 2, ECF No. 136.)  In Bonnet, the Tenth Circuit held that tribal sovereign immunity barred a subpoena duces tecum served on a non-party Indian tribe in a private civil action.  Bonnet, 741 F.3d at 1161.  The court stated in dicta, however, that it saw "no reason why an Indian tribe should be able to 'shut off an appropriate judicial demand for discovery' served on a tribal official, rather than against the Tribe itself."  Id. at 1162.  Alltel, an Eighth Circuit case held that "a federal court's third-party subpoena in private civil litigation is a 'suit' that is subject to Indian tribal immunity."  Alltel, 675 F.3d at 1105.  As a result, the court reversed the lower court's denial of a motion to quash subpoenas duces tecum served on a non-party tribe and a non-party tribal official.  Id. at 1102,1106.  In reaching its decision, the court followed precedent from other circuits that have construed sovereign immunity to cover non-party subpoenas served on federal officers in their official capacities and agencies.  See id. at 1103.  The Eighth Circuit acknowledged that it might be conferring "greater immunity than that enjoyed by federal officers in their official capacities and agencies, or by the States, whose sovereign immunity is protected by the Eleventh Amendment" because tribes are not subject to the constraints of the Administrative Procedures Act.  Id. at 1104.  The Supreme Court provided further guidance in Lewis.  "The identity of the real party in interest dictates what immunities may be available."  Lewis, 137 S. Ct. at 1292.

Without question, tribal sovereign immunity bars the deposition subpoena served on the Tribe (ECF No. 130-1), and the Court QUASHES it. In considering the deposition subpoenas served on Mr. Wopsock (ECF No. 130-2), Ms. Cuch,[4] and Mr. Pike (ECF No. 130-3), the Court considers what the interest in the deposition is. In subpoenaing each individual, as opposed to subpoenaing say the Secretary of a tribe, the Duchesne Defendants subpoena the people for testimony in their individual capacities, not for testimony on behalf of the Tribe. Thus, the Court concludes that the individual subpoenas do not fall within tribal sovereign immunity.

## II. Failure to Serve the Subpoenas Properly

The Wopsock parties argue that the Duchesne Defendants did not validly serve the Tribe. (Pl.'s Mem. in Supp. 6–7, ECF No. 136.) The Wopsock parties also argue that Rule 4 of the Federal Rules of Civil Procedure does not include a section on Indian Tribes, and, as a result, the Duchesne Defendants must effectuate service on the Tribe in accordance with the Tribe's law, which requires that service be made "on all six members of the Tribe's Business Committee." (Id. at 7.) The Court has already quashed the subpoena on the Tribe based on sovereign immunity, so this argument is moot.

The Wopsock parties also argue the Duchesne Defendants trespassed in sending a process server onto tribal land without a permit to conduct business. (Mot. 8, ECF 136.) The Wopsock parties provide no authority for the proposition that the Tribe has prohibited such access. The Court is not in the habit of taking attorneys at their word for what the law says. Therefore, the Court declines to address this issue.

---

[4] The Duchesne Defendants reference the subpoena but did not provide the deposition notice as an exhibit. (See Opp'n 3, ECF No. 137.)

7

### III. Privileged Material

The Wopsock parties argue that the Court should quash the subpoenas because the Duchesne Defendants seek privileged "on-Reservation communications between tribal legislative/executive officers and a member regarding tribal governmental business." (Pl.'s Mem. in Supp. 8, ECF No. 136.) Again, the Wopsock parties' Motion does not cite any authority for this proposition, and the Reply continues to assert Ute law without any citation. The Wopsock parties' Reply also makes clear they confuse a testimonial privilege with privilege against a defamation claim. The Wopsock parties' Motion to Dismiss arises from a privilege against a defamation claim not against testifying about the statement. (ECF No. 40.) Further,

> [i]nformation regarding the fee arrangement is not normally part of the professional [attorney-client] consultation and therefore it is not privileged even if it would incriminate the client in wrongdoing. In other words, while payment of a fee to an attorney is necessary to obtain legal advice, disclosure of the fee arrangement does not inhibit the normal communications necessary for the attorney to act effectively in representing the client.

In re Grand Jury Subpoenas, 906 F.2d 1485, 1492 (10th Cir. 1990) (citations omitted). Because privilege from defamation does not prevent testimony, and the attorney-client privilege does not prevent the sought after testimony, the Court denies the Wopsock parties' Motion to Quash on these grounds.

### IV. Undue Burden

The Wopsock parties argue that the Court should quash the depositions because they present an undue burden. (Pl.'s Mem. in Supp. 9–10, ECF No. 136.) Specifically, they claim that (1) the depositions sought are duplicative because they seek the same information from individual tribal officers as sought from the Tribe, (2) the information

8

sought through the depositions is not relevant, and (3) the subpoenas are designed to intimidate, harass, and annoy the deponents. (Id.)

Under Rule 45, a court must quash or modify a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv); see also Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.") The Wopsock parties bear the burden of showing good cause for the issuance of an order barring the depositions. See, e.g., Morales v. E.D. Etnyre & Co., 228 F.R.D. 694, 696 (D.N.M. 2005) ("The party seeking a protective order or moving to quash a subpoena has the burden to demonstrate good cause . . ."). The Wopsock parties have failed to meet their burden with respect to the deposition subpoenas served on Mr. Wopsock, Ms. Cuch, and Mr. Pike.

### A. Subpoenas Not Duplicative

The Wopsock parties argue that the Duchesne Defendants "appear to be seeking the same information from individual tribal officers through duplicative depositions of those officers" since that information is also sought in the 30(b)(6) deposition subpoena to the Tribe. (Pl.'s Mem. in Supp. 9, ECF No. 136.) Given that the Court quashed the deposition notice to the Tribe, this argument no longer applies. Furthermore, the Wopsock parties have not shown, by submitting an affidavit or by providing a detailed explanation, that the Duchesne Defendants have already deposed or have made additional requests to depose Mr. Wopsock, Ms. Cuch, and Mr. Pike. While the Duchesne Defendants had attempted previous discovery on the Tribe, Ms. Cuch, and Mr. Wopsock, the Court prohibited them from seeing that discovery through to

9

conclusion because the Court dismissed the Tribe, Ms. Cuch, and Mr. Wopsock as parties to the case. (ECF No. 96.) Thus, these subpoenas do not duplicate that discovery.

### B. Subpoenas Seek Relevant Information and are Proportional to the Needs of the Case

The Wopsock parties also argue that the information the Duchesne Defendants seek, particularly answers regarding who is funding Ms. Wopsock's lawsuit, are irrelevant. (Pl.'s Mem. in Supp. 9–10, ECF No. 136.) The Wopsock parties cite to an old version of Federal Rule of Civil Procedure 26(b)(1) that is no longer in effect. (Id. at 9.) The current version of Rule 26(b)(1) provides that parties may conduct discovery on "any nonprivileged matter that is relevant to any party's claim or defense <u>and</u> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added).

The Wopsock parties argue that "[w]hether or how Ms. Wopsock's attorneys are being paid," is irrelevant and outside the scope of discovery under Rule 26. (Pl.'s Mem. in Supp. 9, ECF No. 136) The Wopsock parties cite to Rule 26(a)(1)(A)(4) for the proposition that "Rule 26 limits discovery regarding financing of litigation solely to whether an insurer is funding the litigation." (Id.) The Duchesne Defendants counter that the specific rule the Wopsock parties cite relates to documents only and that the information they seek from the depositions is relevant to Mr. Dalton's counterclaims against Ms. Wopsock alleging civil rights violations and conspiracy to violate civil rights

10

pursuant to 42 U.S.C. §§ 1985 and 1986, defamation, and intentional infliction of emotional distress. (Opp'n 13–14, ECF No. 137; see also Am. Countercl. & Third Party Compl. of Derek Dalton 17, 19-20, 21, & 25–26, ECF No. 25.) Specifically, they argue what Ms. Wopsock said to the deponents about the alleged assault before the filing of the lawsuit is relevant to Mr. Dalton's defamation and intentional infliction of emotional distress claims and that whether the Tribe and/or the deponents are behind the lawsuit is relevant to Mr. Dalton's civil rights claims and their defenses. (Opp'n 13, ECF No. 137.)

The Court agrees with the Duchesne Defendants. First, Rule 26(a)(1)(A)(4) does not prohibit the discovery of information concerning who is funding Ms. Wopsock's litigation, assuming that information is otherwise relevant and proportional to the needs of the case. Information concerning what Ms. Wopsock may have said to the deponents about the alleged assault and the funding of the lawsuit is relevant to Mr. Dalton's defamation, conspiracy, and intentional infliction of emotional distress claims, and the Duchesne Defendants' defenses. Furthermore, the testimony of the three deponents is proportional to the needs of the case. Significantly, Ms. Wopsock admitted during her deposition that she did not know who was paying for her legal fees and that she talked to Mr. Pike about the incident. (Ex. 1, Wopsock Dep. at 36–39, ECF No. 137-1 at 9- 10). She also refused to respond to any written discovery concerning her discussions of the alleged assault with anyone. (Ex. 2, Wopsock Disc. Responses No. 7, ECF No. 137-2.) The Duchesne Defendants are entitled to depose others individuals who may have knowledge concerning what Ms. Wopsock said about the

alleged assault, and who is funding the litigation given that such information is relevant to their claims and defenses.

### C. Subpoenas Not Designed to Harass or Annoy

The Wopsock parties also claim the subpoenas should be quashed because they are designed to harass and annoy them. (Pl.'s Mem. in Supp. 10, ECF No. 136.) The Court disagrees. The Wopsock parties argue that the Duchesne Defendants "are redundantly seeking discovery of the same exact information which [they] have repeatedly requested, and for which [the Wopsock parties] objected." (Id.) The fact that the Duchesne Defendants have sought discovery of information they believe relevant– and which has not been provided–does not show that the subpoenas are designed to harass and annoy the deponents.

Moreover, the Duchesne Defendants set the depositions for the same day and state that each is scheduled for two hours or less. (Opp'n 14, ECF No. 137.) Sitting for a two-hour deposition is not burdensome.

### V. Improper Form of Subpoena and Deposition Notices Not Grounds to Quash

The Wopsock parties argue that this Court should quash the Duchesne Defendants' subpoenas because "[t]hey do not list the method of recording the deposition, and do not contain copies of court rules required by law." (Pl.'s Mem. in Supp. 10, ECF No. 136.) The Duchesne Defendants contend the "Notices of Deposition setting the depositions of [Mr.] Pike, [Mr.] Wopsock, [Ms.] Cuch, and the Ute Tribe compl[ied] with the Federal Rules of Civil Procedure." (Opp'n 11, ECF No. 137.) The Notices at issue state: "You are further advised that the deposition will be taken upon oral interrogatories before a certified shorthand reporter and/or a videographer

12

authorized to administer oaths pursuant to and for the purposes permitted by the Federal Rules of Civil Procedure." (<u>See</u> <u>e.g.</u> Wopsock Dep. Notice, Ex. 2, ECF No. 130-2 at 2.) The Wopsock parties also argue that the Duchesne Defendants did not comply with Local Rule 37.1(a)(9), which "requires that copies of court rules for protection of the deponent be included with the subpoena." (Pl.'s Mem. in Supp. 11, ECF No. 136.) The Duchesne Defendants acknowledge that they did not attach a copy of court rules as required under the Local Rule, but they did attach the "provisions of the Federal Rules of Civil Procedure providing for the protection of deponents." (Opp'n 12, ECF No. 137.) Despite the Duchesne Defendants' failure to comply with the Local Rule, the Court does not find that this technical failure provides a sufficient ground to quash the Duchesne Defendants' subpoenas given they figured out how to seek this Court's protection as demonstrated by this Motion. The Court instructs the Duchesne Defendants to specify whether they will videotape the depositions within five days of this Order so the deponents and counsel can sufficiently prepare.

## **CONCLUSION**

The Court DENIES IN PART AND GRANTS IN PART the Wopsock parties' Motion to Quash Deposition Subpoenas and/or for a Protective Order.

SO ORDERED this 29th day of March, 2018.

_____
Evelyn J. Furse
United States Magistrate Judge